

12-4265 (L)
Talipov v. Holder

# MANDATE

BIA
Page, IJ
A097 532 645

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1    At a stated term of the United States Court of Appeals
2    for the Second Circuit, held at the Thurgood Marshall United
3    States Courthouse, 40 Foley Square, in the City of New York,
4    on the 19th day of November, two thousand fourteen.
5
6    PRESENT:
7            DENNIS JACOBS,
8            DEBRA ANN LIVINGSTON,
9            SUSAN L. CARNEY,
10               *Circuit Judges.*
11   _____
12
13   BAKHROM TALIPOV,
14           *Petitioner,*
15
16           v.                              12-4265 (L);
17                                           13-586 (Con)
18                                           NAC
19   ERIC H. HOLDER, JR., UNITED STATES
20   ATTORNEY GENERAL,
21           *Respondent.*
22   _____
23
24   FOR PETITIONER:        Stacy Caplow, Of Counsel, Brooklyn
25                          Law School Legal Services Crop.,
26                          Brooklyn, NY.
27
28

| | |
|---|---|
| FOR RESPONDENT: | Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review in Dkt. No. 12-4265 (L) and Dkt. No. 13-586 (Con) are DENIED.

Petitioner Bakhrom Talipov, a native of the former Soviet Union and citizen of Uzbekistan, seeks review of a September 27, 2012 order of the BIA, affirming the September 20, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Bakhrom Talipov*, No. A097 532 645 (B.I.A. Sept. 27, 2012), *aff'g* No. A097 532 645 (Immig. Ct. N.Y. City Sept. 20, 2011), and a February 8, 2013 decision of the BIA denying his timely motion to reopen, *In re Bakhrom Talipov*, No. A097 532 645 (B.I.A. Feb. 8, 2013).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

1 **Petition for Review in Dkt No. 12-4265 (L)**

2     Under the circumstances of this case, we review the

3 decisions of both the IJ and the BIA.  *Yun-Zui Guan v.*

4 *Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable

5 standards of review are well established.  *See* 8 U.S.C.

6 § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d

7 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d

8 162, 165-66 (2d Cir. 2008) (per curiam).

9     A.   Credibility.  For applications such a Talipov's,

10 governed by the REAL ID Act, the agency may base a

11 credibility finding on an applicant's demeanor, the

12 plausibility of his account, and inconsistencies in his

13 statements, without regard to whether they go "to the heart

14 of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii);

15 *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).

16 "We defer therefore to an IJ's credibility determination

17 unless, from the totality of the circumstances, it is plain

18 that no reasonable fact-finder could make such an adverse

19 credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

20     Talipov does not contest the agency's reliance on his

21 inconsistent testimony regarding when his passport was

22 stolen and has therefore waived review of that

3

determination.  Talipov also concedes that he testified
inconsistently about when he received his civil summonses.
Although he argues that this inconsistency was not material,
the agency may base a credibility finding on inconsistencies
that do not go "to the heart of the applicant's claim."  8
U.S.C. § 1158(b)(1)(B)(iii).  The agency therefore did not
err in basing the credibility finding on these
inconsistences.

Talipov contends that the agency erred by treating the
omissions from his supporting affidavit as inconsistencies.
However, for purposes of analyzing a credibility
determination, "[a]n inconsistency and an omission are . . .
functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166.
Specifically, the agency relied on the omission from
Talipov's affidavit of the allegation that the individuals
who struck him with their car were wearing national security
officer uniforms.  This omission was significant because it
was the driver's status as a government agent that furnished
a nexus between the harm of being struck by the car and a
protected ground.  *See* 8 U.S.C. § 1101(a)(42).

Talipov also challenges the agency's reliance on other
omissions.  But while the omissions may be minor, the agency

4

was entitled to rely on their cumulative effect. *Tu Lin v.*
*Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

The agency's adverse credibility determination also
rests soundly on implausibilities in Talipov's account. *See*
8 U.S.C. § 1158(b)(1)(B)(iii). Some of them are not in
themselves significant, and Talipov's explanations could be
deemed plausible. However, the agency was not required to
credit explanations unless they would be compelling to a
reasonable fact-finder. *Cf. Majidi v. Gonzales*, 430 F.3d
77, 80 (2d Cir. 2005).

Having called Talipov's credibility into question, the
agency reasonably determined that it was further undermined
by Talipov's failure to provide corroboration. *See* 8 U.S.C.
§ 1158(b)(1)(B)(ii). Failure to corroborate an applicant's
testimony may bear on credibility, either because the
absence of particular corroborating evidence is viewed as
suspicious, or because the absence of corroboration makes an
applicant unable to rehabilitate testimony that has already
been called into question. *See Biao Yang v. Gonzales*, 496
F.3d 268, 273 (2d Cir. 2007) (per curiam). Talipov concedes
that he failed to provide: (1) any article published under
his own name; (2) articles published in the state-run
newspaper exposing his pseudonym; or (3) medical records

1    from his 2006 beating, which (he claimed) resulted in a

2    severe concussion, treatment by a neurosurgeon, and biannual

3    return visits to the hospital to receive two-week-long

4    injection therapy.  His assertion that the IJ held him to an

5    overly stringent corroboration standard is therefore

6    misplaced.

7        Based on the foregoing, the IJ's adverse credibility

8    determination is supported by substantial evidence:  it

9    cannot be said "that no reasonable fact-finder could make

10   such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d

11   at 167.  The agency therefore did not err in denying asylum,

12   withholding of removal, and CAT relief because all three

13   claims shared the same factual predicate.  *See Paul v.*

14   *Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v.*

15   *U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

16       B.  <u>Due Process</u>.  Talipov raises a due process

17   challenge to the IJ's conduct of proceedings, based on:  the

18   proceedings lasted too long and thereby impaired the

19   assessment of his credibility; he appeared via video

20   conference; and the IJ excessively interrupted him with

21   questions.  However, Talipov does not show how any of these

22   supposed deficiencies impaired the assessment of his

23   credibility, and it is unclear how the credibility finding--

6

1    which was properly based on inconsistencies, omissions, the

2    implausibility of his account, and a lack of corroborative

3    evidence--could have been impaired by the IJ's questioning,

4    the length of the proceedings, or the use of video

5    conferencing.  In short, Talipov's due process challenge

6    fails because he does not "allege some cognizable prejudice

7    fairly attributable to the challenged process."

8    *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

9

10   **Petition for Review in Dkt No. 13-586 (Con)**.

11       We review the BIA's denial of a motion to reopen for

12   abuse of discretion.  *See Ali v. Gonzales*, 448 F.3d 515, 517

13   (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23

14   (1992)).  "A motion to reopen proceedings shall not be

15   granted unless it appears to the [BIA] that evidence sought

16   to be offered is material and was not available and could

17   not have been discovered or presented at the former

18   hearing."  8 C.F.R. § 1003.2(c)(1) (2005).  Failure to offer

19   such evidence is, therefore, a proper ground on which the

20   BIA may deny a motion to reopen, as is the movant's failure

21   to establish a *prima facie* case for the underlying

22   substantive relief sought.  *Abudu*, 485 U.S. at 104-05.

23   However, the BIA has an obligation to consider the "record

7

as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001).

    A. <u>Journalism and Human Rights Activism</u>. The BIA did not err in declining to reopen proceedings on the basis of a letter from Talipov's work acquaintance, corroborating the existence of Zones Grises. As the BIA observed, the letter recounted events that took place from 2005 to 2006 and was therefore neither new nor previously unavailable. *See Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006). The letter writer asserted that she at first ignored an April 2011 email from Talipov's counsel because she thought it was spam; but the BIA did not err in finding that Talipov failed to establish that his evidence was still unavailable by the time the merits hearing concluded. *Cf.* 8 U.S.C. § 1254(b)(4).

    The BIA also did not err in denying reopening on the basis of the Russian internet database printout reflecting an outstanding warrant for Talipov in Uzbekistan. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 159-60 (2d Cir. 2008) (observing that motions to reopen must be supported by "reliable" evidence). The BIA reasonably determined that

1   this evidence was unreliable because the database was not

2   well-established and there was insufficient information

3   concerning its affiliations.  *See Xiao Ji Chen v. U.S. Dep't*

4   *of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that

5   the weight accorded to the applicant's evidence in

6   immigration proceedings lies largely within the discretion

7   of the agency).

8       B.   <u>Transgender Identity</u>.  The BIA did not abuse its

9   discretion in denying reopening based on the evidence

10  concerning Talipov's male-to-female transgender identity.

11  The BIA concluded that evidence of Talipov's transgender

12  identity and sexual orientation could have been presented at

13  his merits hearing because Talipov was aware of his gender

14  identity since childhood.  Talipov relies on evidence that

15  he only recently began hormone therapy, started using

16  makeup, started wearing women's clothes, and began living

17  openly as a male-to-female transgender person.  These events

18  may have been recent, but for all the record shows, the

19  recent hormonal therapy may have had no obvious outward

20  effect, and he could at any time have assumed a woman's

21  habit and presentation.  *See Singh v. Gonzales*, 468 F.3d

22  135, 139 (2d Cir. 2006) ("Motions to reopen are designed to

23  allow consideration of circumstances that have arisen

1    subsequent to the applicant's previous hearing."). In

2    short, Talipov's gender identity evidence was not new or

3    previously unavailable because it shows only the recent

4    expression by him of his unchanged psychological self-

5    perception.

6

7                          **Pending Motions**

8        A.  Additional Evidence.  The government moves to

9    strike Talipov's reply, which contains evidence outside the

10   administrative record but does not advance legal arguments.

11   Talipov moves for inclusion of his additional evidence,

12   which relates to his physical transformation as a

13   male-to-female transgender person, in the administrative

14   record.  Because our review is limited to the administrative

15   record upon which each final order is based, 8 U.S.C.

16   § 1252(b)(4)(A), we grant the government's motion to strike

17   Talipov's reply and deny Talipov's motion to supplement the

18   record with additional evidence.

19       B.  Case Captions.  Talipov moves to amend the case

20   captions in Dkt. Nos. 12-4265 (L) and 13-586 (Con) to

21   reflect his legally changed name: Victoria Jacobs.  His

22   motion is supported by an order from the Civil Court of the

23   City of New York reflecting his name change.  The government

                                10

1 does not oppose Talipov's request.  We grant the motion to

2 amend the case captions to reflect Talipov's legally changed

3 name.

4

5     For the foregoing reasons, the petitions for review in

6 Dkt. No. 12-4265 (L) and Dkt. No. 13-586 (Con) are DENIED.

7 It is further ORDERED that the government's motion to strike

8 Talipov's reply and Talipov's motion to amend the case

9 captions are GRANTED and that Talipov's motion for inclusion

10 of his additional evidence is DENIED.

11     As we have completed our review, any stay of removal

12 that the Court previously granted in these petitions is

13 VACATED, and any pending motion for a stay of removal in

14 these petitions is DISMISSED as moot.  Any pending request

15 for oral argument in these petitions is DENIED in accordance

16 with Federal Rule of Appellate Procedure 34(a)(2), and

17 Second Circuit Local Rule 34.1(b).

18                     FOR THE COURT:
19                     Catherine O'Hagan Wolfe, Clerk
20
21
22

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit